356 P.2d 963 (1960)
In re ESTATE of William D. THOMAS, a/k/a W. D. Thomas, Deceased.
James E. RENNER, Proponent, Plaintiff in Error,
v.
Florence DAVIS, Caveatrix, Defendant in Error.
No. 19123.
Supreme Court of Colorado, In Department.
October 31, 1960.
Rehearing Denied December 5, 1960.
William J. Chisholm, John T. Dugan, Denver, for plaintiff in error.
Peter H. Holme, Jr., Richard G. Wohlgenant, Holme, Roberts, More & Owen, Denver, for defendant in error.
SUTTON, Chief Justice.
On October 10, 1955, William D. Thomas executed his last will and testament. At that time he was eighty-two years of age, retired, had never married and lived with his sister Elizabeth in Denver. About six weeks prior to the execution of the will, Elizabeth had become ill, and at the time of its execution was in a rest home. The only neighbors the testator knew were Dr. Joseph W. Havorka, a witness to his will who lived across the street; Mr. and Mrs. M. R. Richardson, who lived next door on the north; Mr. and Mrs. James E. Renner, who lived in the second house to the north; a Mr. Fellows, who managed an apartment house nearby; and Mrs. E. L. Hays, who previously lived in the neighborhood.
By his will, Thomas provided for the payment of his just debts and expenses, for his burial and for a suitable headstone for himself and his sister. The remainder of his estate was devised in trust for his sister Elizabeth, with the following provision:
"In the event that my sister, Elizabeth Thomas, should predecease me, or in the event that there be anything remaining in my estate, I direct my trustee or executor to distribute the balance of the trust or estate then remaining to the following named persons who have assisted and cared for me, and remembering my cousin, Florence Davis, who has admired certain furniture in the household; I give, devise and bequeath to my cousin, Florence Davis, the six antique chairs which are presently in my home, and direct that my trustee or executor deliver same to her. The rest and residue shall be divided: Twenty percent to Mrs. E. L. Hays of Denver, Colorado, who has been a family friend for many *964 years; Twenty percent to Mr. and Mrs. M. R. Richardson, or the survivor of them, who have been considerate neighbors for many years; Sixty percent to James E. Renner, who has been a friend and neighbor for many years."
Dr. Joseph W. Havorka and Eugene D. Faus attested to the will. Both Faus and Renner are attorneys. Under the will Renner was appointed executor and trustee. When the will was offered for probate, following the death of Thomas on January 26, 1958, decedent's cousin, Florence Davis, who resides in Washington, D. C., filed her caveat to the probate of the will, alleging that she was an heir and that the testator lacked testamentary capacity. She also urged that the will was not executed in accordance with the law and was obtained by undue influence and fraud.
Caveatrix prayed that the will be denied probate, and, in the alternative, if accepted for probate, that the portion of the will which bequeathed 60% to the proponent Renner be held to be invalid and be held as intestate property.
Trial was to a jury in the county court, which on June 13, 1958, found that the document in question was not executed pursuant to the formalities required by the Colorado statute. The verdict was received and judgment entered thereon. Motion for new trial was denied, whereupon an appeal was taken to the district court, where the matter was re-tried on March 16, 1959. At the close of the case the following four issues were submitted to the jury:
1. Was the will valid?
2. Was the will improperly executed?
3. Was the decedent under undue influence when the will was executed?
4. Did the testator lack testamentary capacity?
The jury found that the testator lacked testamentary capacity, and that the will was executed as the result of undue influence. Following receipt of these verdicts, a motion for judgment notwithstanding the verdict, or in the alternative, for new trial was filed. This motion alleged 23 numbered points of error.
The trial court subsequently denied the motion and entered judgment on the verdict. Renner, as proponent of the will, seeks review by writ of error.
Here again 23 alleged grounds of error are urged, most of which relate to the granting or refusing of certain instructions, the admission or rejection of evidence, and alleged improper statements of counsel for caveatrix at various times during the course of the trial.
The real substance of Renner's argument is that the verdicts of the jury are contrary to the law and the evidence "due to the fact that the evidence was insufficient to support the verdicts."
A review of the evidence discloses that decedent Thomas, in addition to being elderly, was also senile, at least on occasions prior to and following the execution of his will. He was forgetful, could not remember names, would change his mind and generally exhibited other characteristics indicative of a lack of testamentary capacity at the time that the will in question was executed. It is shown that proponent Renner himself drafted a suggested will and then solicited his friend Faus to discuss it with Thomas to the latter's satisfaction. Renner also procured Dr. Havorka to witness the will.
In fairness to Renner, it must be said that there is evidence in the record that Renner and his wife did some things for the testator, both while he lived in the neighborhood and that they continued their friendship with him after the execution of the will when he moved to a rest home.
In any event, there was a conflict in the evidence before the trial court, and it was the province of the jury to resolve such conflicts and to determine whether undue influence swayed the testator's mind and whether he lacked testamentary capacity at the time of the execution of his will. Unless such determination is so manifestly against the weight of the *965 evidence as to compel a contrary conclusion, this court will not interfere. Howard v. International Trust Co., 139 Colo. 314, 338 P.2d 689.
Proponent Renner also urges that Mrs. E. L. Hays and Mr. M. R. Richardson, who were beneficiaries named in the will, and who were called by caveatrix to testify to the testator's mental condition, were incompetent to do so under C.R.S. '53, 153-1-2, commonly known as the "Dead Man's Statute". The pertinent part of this statute reads "no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of section 153-1-1, * * * unless when called as a witness by such adverse party * * *." (Emphasis added.) The record discloses that Mrs. Hays and Mr. Richardson were called as witnesses by the adverse party and were testifying against their own interests. They had nothing to gain and everything to lose by their testimony. In such circumstances the "Dead Man's Statute" is not a bar.
The judgment is affirmed.
MOORE and HALL, JJ., concur.